UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHAMGOD THOMSON,

|  | **DECISION** |
|---|---|

Plaintiff,     **DECISION**
**and**
**ORDER**

v.

**98-CV-831F**

VICTOR HERBERT, Superintendent, Collins     **(consent)**
Correctional Facility, DR. CETIN, Head of
Collins Medical Staff, SUPERINTENDENT
WALTER KELLY, Attica Correctional Facility,
SUPERINTENDENT MICHAEL McGINNIS,
Southport Correctional Facility, NEW YORK
STATE DEPARTMENT OF CORRECTIONS,
and STATE OF NEW YORK,

Defendants.

_____

APPEARANCES:          SHAMGOD THOMSON, *Pro Se*
                      Southport Correctional Facility
                      P.O. Box 2000
                      Pine City, New York 14871

                      BRIAN P. FITZGERALD, Esq.
                      Attorney for Plaintiff
                      509 Liberty Building
                      420 Main Street
                      Buffalo, New York 14202

                      ELIOT L. SPITZER
                      Attorney General, State of New York
                      Attorney for Defendants
                      STEPHEN F. GAWLIK
                      Assistant Attorney General, of Counsel
                      Statler Towers, 4th Floor
                      107 Delaware Avenue
                      Buffalo, New York 14202

## JURISDICTION

The parties to this action consented to proceed before the undersigned on

February 13, 2001.  The matter is presently before the court on Defendants' motion to

dismiss (Doc. No. 48), filed December 30, 2004.

## **BACKGROUND and FACTS**[1]

Plaintiff Shamgod Thomson ("Plaintiff"), commenced this civil rights action, *pro se*, on December 29, 1998, alleging Defendants were deliberately indifferent to Plaintiff's medical needs.  By order filed May 10, 1999 (Doc. No. 7), Robbie Lee Billingsley, Esq., was appointed as Plaintiff's counsel.  On July 10, 2000, Defendants served a demand for the production of documents on Plaintiff's attorney, Robbie Lee Billingsley.  On March 15, 2001, Defendants served a First Set of Interrogatories on Plaintiff.  On September 27, 2002, Ms. Billingsley moved to withdraw as Plaintiff's counsel (Doc. No. 33), and the motion was granted on October 31, 2002 (Doc. No. 37).  By order filed February 14, 2003 (Doc, No. 38), Brian P. Fitgerald, Esq. and Lynette M. Gohr, Esq., were appointed as Plaintiff's counsel.  On May 27, 2003, Defendants re-served their discovery demands on Plaintiff's new counsel.  On October 2, 2003, Lynette Gohr was terminated as counsel for Plaintiff.

On December 30, 2004, Defendants filed the instant motion (Doc. No. 48) seeking to dismiss the Complaint pursuant to Fed. R. Civ. P. 37(b) and 41(b) based on Plaintiff's failure to comply with discovery and failure to prosecute.  The motion is supported by the attached Declaration of Assistant Attorney General Stephen Gawlik (Doc. No. 49) ("Gawlik Declaration"), and a Memorandum of Law (Doc. No. 50)

---

[1] The fact statement is taken from the pleadings and motion papers filed in this action.

(Defendants' Memorandum").  By order filed January 11, 2005 (Doc. No. 51) Plaintiff had until February 25, 2005 to file a response to the motion, and Defendants' reply in further support of the motion, if any, was to be filed by March 18, 2005.  To date, Plaintiff has not filed any response, nor have Defendants filed any reply.  Oral argument on the motion was deemed unnecessary.

Assistant Attorney General Gawlik explains his efforts to obtain Plaintiff's compliance with the discovery demands.  According to Gawlik, on September 23, 2003, Defendants provided various documents to Plaintiff's attorneys, and requested Plaintiff respond to Defendants' outstanding discovery requests.  Gawlik Declaration ¶ 9.  By letter to Lynette M. Gohr, dated May 11, 2004 ("May 11, 2004 Letter"), Gawlik requested responses to Defendants' discovery demands be provided, and that Gawlik be advised by May 21, 2004 as to when he could expect such responses.  *Id*. ¶ 10. Gawlik further requested Gohr have Plaintiff execute an updated medical release.  *Id*.

On May 28, 2004, having received no response to his May 11, 2004 Letter, Gawlik attempted to contact Gohr at her law office with the law firm Napier, Fitzgerald & Kirby, LLP, but was advised that Gohr was no longer with the firm.  Gawlik Declaration ¶ 11.  Gawlik then requested to speak with co-counsel Brian P. Fitzgerald, but, as Fitzgerald was unavailable, Gawlik left a message for him.  *Id*.  Gawlik never received any response from Fitzgerald and, on June 1, 2004, moved to compel discovery (Doc. No. 43).  *Id*. ¶ 12.

By order filed July 23, 2004 (Doc. No. 46), the motion to compel was granted. The order states that pursuant to a letter from Plaintiff's counsel, received on July 19, 2004, Plaintiff did not oppose the motion and that he intended to provide responses to

Defendants' document demands and interrogatories.  The order further directed Plaintiff to respond to Defendants' Document Demand and First Set of Interrogatories within 60 days.

When 60 days had passed with no responses to the outstanding discovery requests received, Gawlik, by letter to Fitzgerald dated November 24, 2004 ("November 24, 2004 Letter"),[2] again requested Plaintiff be immediately provided so that Defendants could schedule Plaintiff's deposition prior to the December 30, 2004 discovery deadline. To date, Plaintiff has failed to provide any responses to Defendants' outstanding discovery demands.  Accordingly, Defendants seek to dismiss the action pursuant to Fed. R. Civ. P. 37(b), as a sanction for failure to comply with court-ordered discovery, as well as pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

## DISCUSSION

Rule 41(b) permits a court, upon motion of a defendant, to dismiss any action that a plaintiff fails to prosecute diligently.[3]  In deciding a motion to dismiss under Rule 41(b), "[i]t is well established that the District Court has power to dismiss an action for failure to prosecute [pursuant to Fed. R. Civ. P. 41(b) ] and that such a dismissal will be reviewed only for abuse of discretion."  *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir.1994).  However, "dismissal is a 'harsh remedy to be utilized only

---

[2] Attached as Exh. A to the Gawlik Declaration.

[3] Fed. R. Civ. P. 41(b) states
Involuntary Dismissal:  Effect Thereof.  For failure of the plaintiff to prosecute ... a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

4

in extreme situations." *Romandette v. Weetabix Company, Inc.*, 807 F.2d 309, 312 (2d Cir.1986).  Additionally, courts should be especially hesitant to dismiss for procedural deficiencies where the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996).

Rule 37(b) authorizes a district court to impose sanctions when "a party . . . fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b), and the imposition of discovery sanctions is within the broad discretion of the court*. Bobal v. Rensselaer Polytechnic Institute*,  916 F.2d 759, 764 (2d Cir. 1990),  *cert. denied*, 499 U.S. 943 (1991).  Drastic sanctions such as striking the answer or entering a default judgment are available, although they ordinarily are not imposed unless disobedience has been wilful, in bad faith, or otherwise culpable. *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958); *Daval Steel Products v. M/V Fakredine*,  951 F.2d 1357, 1367 (2d Cir. 1991).

The severe sanction of dismissal of a lawsuit should be imposed only under extreme circumstances, and after consideration of alternative, less drastic sanctions. *West v. Good year Tire & Rubber Co.*, 167 F.3d 776, 779-80 (2nd Cir. 1999). Furthermore, the sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to willfulness, bad faith, or any fault of the sanctioned party.  *West, supra*, at 780.  While *pro se* litigants are entitled to some leeway in complying with the Federal Rules of Civil Procedure, such tolerance does not extend to unexcused failures to comply with routine discovery requests.  *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997).

Here, the record establishes that Defendants have made significant efforts to obtain Plaintiff's compliance with their discovery requests.  The record also establishes that Plaintiff has violated the court's July 23, 2004 order by failing failed to provide any responses to Defendants' discovery requests within 60 days of the order.  Nor has Plaintiff's attorney appeared in this action since July 23, 2004.  The Second Circuit has found the drastic sanction of dismissal warranted in cases involving significantly less neglect.  *See, e.g., Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir.1980) (six months of inactivity);*Williams v. Kane*, 107 F.R.D. 632 (E.D.N.Y.1985) (one year of inactivity with the exception of a deposition).

Nevertheless, by letter to the undersigned dated March 13, 2005, and received March 17, 2005, Plaintiff complains that his appointed counsel, Brian P. Fitzgerald, has failed either to assist him in this matter, or to answer letters from Plaintiff.  Plaintiff, who is incarcerated, further maintains that he is unaware of the status of his case.  On April 7, 2005, the court forwarded a copy of Plaintiff's letter to his attorney, requesting Plaintiff's attorney advise if judicial assistance was needed in the matter.  To date, the court has received no response to the letter.

On this record, the court finds that dismissing the Complaint for failure to prosecute or to comply with court-ordered discovery is too drastic a remedy, particularly in light of Plaintiff's assertion that his assigned attorney has not been in contact with him.  Rather, although counsel has been appointed to represent Plaintiff, the failure to Plaintiff's attorney to actively represent Plaintiff renders Plaintiff essentially *pro se*.  Further, Plaintiff's statements to the court in his March 23, 2005 letter that he has been unable to communicate with his attorney and is unaware of the status of his case,

indicate that the failure to comply with court-ordered discovery is more properly attributed to Plaintiff's appointed counsel, rather than to any willfulness, bad faith or otherwise culpable conduct by Plaintiff.  Nor is it evident from the record whether Plaintiff is even aware of Defendants' pending motion to dismiss.  Furthermore, Defendants have failed to show they have suffered any actual prejudice in this action that can be attributed to Plaintiff, rather than to his attorney of record.  In the case of such neglect by an assigned attorney, a request for dismissal based on failure to prosecute or to comply with court-ordered discovery is not warranted.  *See Vaughn v. O'Donnell*, 734 F.Supp. 139, 140-41 (S.D.N.Y. 1990) ("dismissal is too harsh a remedy" under facts and circumstances of the case, including that plaintiff's assigned counsel failure to appear in action was based on attorney's court-related activities in another state, plaintiff was incarcerated, and, since motion to dismiss had been filed, court had received attorney's assurance that matters previously interfering with representation had been resolved and would not recur).

Accordingly, Defendants' motion to dismiss is DENIED, the court's order appointing Mr. Fitzgerald as Plaintiff's attorney is VACATED and new counsel will be assigned.

## CONCLUSION

Based on the foregoing, Defendants' motion (Doc. No. 48) to dismiss the Complaint pursuant to Fed. R. Civ. P. 41(b) or, alternatively, pursuant to Fed. R. Civ. P. 37(b) is DENIED.  The court's February 14, 2003 order (Doc. No. 38) appointing Brian P. Fitzgerald, Esq., as counsel to Plaintiff is VACATED.  Further, a conference for

purpose of entry of a further case management order in this action pursuant to Rule 16(b), and for verifying appointment of new counsel for Plaintiff, will be scheduled by the court upon notice to the parties.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      September 30 , 2005
               Buffalo, New York