UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAMGOD THOMSON,

                                        Plaintiff,

                v.

VICTOR HERBERT, Superintendent, Collins
Correctional Facility, DR. CETIN, Head of
Collins Medical Staff, SUPERINTENDENT
WALTER KELLY, Attica Correctional Facility,
SUPERINTENDENT MICHAEL McGINNIS,
Southport Correctional Facility, NEW YORK
STATE DEPARTMENT OF CORRECTIONS,
and STATE OF NEW YORK,

                                        Defendants.
_____

**ORDER**

**98-CV-831F
(consent)**

        Plaintiff has filed a *pro se* complaint under 42 U.S.C. § 1983 and has requested

appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).  This Court is required to

see that all litigants receive proper representation of counsel under the criteria set forth

in Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989), and Hodge v. Police Officers,

802 F.2d 58 (2d Cir. 1986).  In addition, courts have the inherent authority to assign

counsel to represent private indigent litigants.  *See* In re Smiley, 36 N.Y.2d 433, 438

(1975).

        More importantly, each lawyer —  especially those who are admitted to practice

in federal court and who therefore are in a position to reap the benefits of such practice

— has an ethical obligation under the Code of Professional Responsibility to provide

*pro bono* services for the poor.  New York Code of Professional Responsibility, Canon

2, EC 2-16; EC 2-25.  "Every lawyer, regardless of professional prominence or

professional workload, should find time to participate in serving the disadvantaged." EC 2-25. In addition, Rule 83.1(g) of the Local Rules of Civil Procedure provides as follows:

> Every member of the bar of this Court shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties. Appointments under this rule shall be made in a manner such that no attorney shall be requested to accept more than one appointment during any twelve month period.

It is in this spirit that the Court assigns Hugh M. Russ, III, Esq. of Hodgson, Russ, One M&T Plaza, Buffalo, New York, 14203, *pro bono*, to faithfully and diligently represent plaintiff in this case.

The Clerk of the Court is directed to copy the file in this matter and send it to Mr. Russ, together with a copy of this order and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel.[1] A pretrial conference is scheduled for **November 23, 2005 at 11:30 a.m.** for the purpose of entering a further case management order in this action.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: October 14, 2005
　　　　Buffalo, New York

---

[1]This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at <http://www.nywd.uscourts.gov/>.