UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHAMGOD THOMSON,

Plaintiff,

v.

VICTOR HERBERT, Superintendent, Collins Correctional Facility,
DR. CETIN, Head of Medical Staff Collins,
SUPERINTENDENT WALTER KELLY, Attica Correctional Facility,
SUPERINTENDENT MICHAEL McGINNIS, Southport Correctional Facility,
NEW YORK STATE DEPARTMENT OF CORRECTIONS,
STATE OF NEW YORK,

Defendants.

---

**DECISION and ORDER**

**98-CV-831F (consent)**

APPEARANCES:

HODGSON RUSS LLP
Attorneys for Plaintiff
HUGH M. RUSS, III, of Counsel
The Guaranty Building
140 Pearl Street
Suite 100
Buffalo, New York 14202

ANDREW M. CUOMO
Attorney General, State of New York
Attorney for Defendants
KIM S. MURPHY
Assistant Attorney General, of Counsel
Statler Towers, Fourth Floor
107 Delaware Avenue
Buffalo, New York 14202

## JURISDICTION

On February 13, 2001, the parties to this action consented pursuant to 28 U.S.C.

§ 636(c)(1) to proceed before the undersigned. The matter is presently before the court on Defendants' motion to dismiss the action for failure to prosecute (Doc. No. 60), filed December 3, 2007.

**BACKGROUND and FACTS**[1]

Plaintiff Shamgod Thomson ("Plaintiff"), proceeding *pro se*, commenced this civil rights action on December 29, 1998, alleging Defendants, all employees of New York State Department of Correctional Services ("DOCS"), were violated his Eighth Amendment rights by being deliberately indifferent to Plaintiff's medical needs. Plaintiff was assigned *pro bono* counsel on three separate occasions including, most recently, Hugh M. Russ, III ("Russ") who, to date, continues to represent Plaintiff.

On July 10, 2000, Defendants served Robbie Lee Billingsley, Esq. ("Billingsley"), then serving as Plaintiff's *pro bono* counsel, with a demand for production of documents ("Demand for Documents"). On March 15, 2001, Defendants served Billingsley with a First Set of Interrogatories directed to Plaintiff ("Interrogatories"). On September 27, 2002, Billingsley moved to withdraw as Plaintiff's counsel (Doc. No. 33), and the motion was granted on October 31, 2002 (Doc. No. 37). By order filed February 14, 2003 (Doc. No. 38), Brian P. Fitzgerald, Esq. ("Fitzgerald"), and Lynette M. Gohr, Esq. ("Gohr"), were appointed as Plaintiff's *pro bono* counsel and, on May 27, 2003, Defendants re-served Fitzgerald and Gohr with the Demand for Documents and Interrogatories ("discovery demands"). On October 2, 2003, Gohr was terminated as

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Plaintiff's counsel, although Fitzgerald continued as Plaintiff's attorney of record. On June 1, 2004, Defendant filed a motion (Doc. No. 43) to compel Plaintiff's responses to the discovery demands, and the motion was granted on July 23, 2004 (Doc. No. 46) ("July 23, 2004 Order").

Because, despite the July 23, 2004 Order, Defendants never received Plaintiff's responses to the discovery demands, Defendants, on December 30, 2004, moved to dismiss the action pursuant to Fed. R. Civ. P. 37(b) and 41(b) (Doc. No. 48) ("Defendants' initial motion to dismiss"), based on Plaintiff's failure to comply with discovery demands and failure to prosecute. Plaintiff never filed any response in opposition to the motion. Although the record established Defendants had made significant efforts to obtain Plaintiff's compliance with the discovery demands, and that Plaintiff had violated this court's July 23, 2004 Order directing Plaintiff to respond to the discovery demands, by Decision and Order filed September 30, 2005 (Doc. No. 52) ("September 30, 2005 Order"), Defendants' initial motion was denied because Plaintiff, in letters to the court, complained that his appointed counsel, Fitzgerald, had failed to assist Plaintiff in the matter or to answer Plaintiff's letters, such that Plaintiff was unaware of the status of his case, and the court was unsure as to whether Plaintiff was even aware that Defendants' First Motion to Dismiss was pending. September 30, 2005 Order at 6-7. At that time, the February 14, 2003 order (Doc. No. 38) appointing Fitzgerald as Plaintiff's *pro bono* counsel was also vacated. *Id*. at 7.

By Order filed October 14, 2005, Hugh M. Russ, III, Esq. ("Mr. Russ"), was appointed as Plaintiff's *pro bono* counsel. At a scheduling conference held on December 13, 2006, Russ and Joseph Brown, Esq. ("Brown") appeared on Plaintiff's

behalf,[2] and a new Scheduling Order (Doc. No. 58) ("December 13, 2006 Scheduling Oder") was filed directing, *inter alia*, Plaintiff to serve objection and responses to Defendants' discovery demands by February 28, 2007, and establishing October 1, 2007 as the deadline for discovery. The December 13, 2006 Scheduling Order was amended by order filed March 2, 2007 (Doc. No. 59) ("March 2, 2007 Order"), extending to March 30, 2007, the deadline for Plaintiff's objections and responses to the discovery requests.

On December 3, 2007, Defendants filed the instant motion to dismiss (Doc. No. 60) ("Defendants' motion"), seeking to dismiss the action pursuant to Fed. R. Civ. P. 26, 37 and 41(b). The motion is supported by the Declaration of Assistant Attorney General Kim S. Murphy ("Murphy") in Support of Motion to Dismiss (Doc. No. 61) ("Murphy Declaration"), and the Memorandum of Law in Support of Defendants' Motion to Dismiss (Doc. No. 62) ("Defendants' Memorandum"). In support of the motion, Murphy averred that on October 1, 2007, the deadline for discovery, she received an e-mail from Brown requesting Murphy consent to a six-month extension of Plaintiff's deadline for responding to Defendants' discovery demands, given that Brown had not heard from his client.[3] Murphy Declaration Exh. A.[4] Murphy consented to the request, but reminded Brown of Defendant's outstanding discovery demands. *Id*. The record

---

[2] Although Brown has never officially been appointed as *pro bono* counsel for Plaintiff, Brown has participated in representing Plaintiff, presumably as Russ's co-counsel.

[3] Brown does not explain whether Plaintiff had failed to respond to a letter or oral request for information responsive to Defendants' discovery demands.

[4] A copy of the e-mail correspondence between Murphy and Brown is attached as Exhibit A to the Murphy Declaration.

does not indicate that either Brown or Russ ever requested any extension of the discovery cut-off date established by the court's March 2, 2007 Order.

This court's order, filed January 2, 2008 (Doc. No. 63), established January 18, 2008 as the deadline for Plaintiff to respond to Defendants' motion. Three subsequent requests by Plaintiff's counsel to extend the response deadline were granted, most recently by order filed February 19, 2008 (Doc. No. 66), establishing March 17, 2008 as Plaintiff's response deadline. To date, Plaintiff has not filed any response in opposition to Defendants' motion.

On April 2, 2008, Defendants filed the Declaration of Murphy in Further Support of Motion to Dismiss (Doc. No. 68) ("Murphy Reply Declaration"). Oral argument was deemed unnecessary.

Based on the following, Defendants' motion (Doc. No. 60) is GRANTED in part and DENIED in part.

## DISCUSSION

Defendants seek to dismiss the instant action pursuant to Fed. R. Civ. P. 26, 37 and 41(b) based on Plaintiff's failure to comply with court-ordered discovery and for failure to prosecute. As stated above, to date, Plaintiff has filed nothing responsive to Defendants' motion, nor the July 23, 2004 Order.

Preliminarily, the court observes that insofar as Defendants seek to dismiss the action pursuant to Fed. R. Civ. P. 26, that rule, which contains general provision governing discovery and a party's duty to disclose, Fed. R. Civ. P. 26(a), (b), (e), does not provide for the dismissal of an action as a sanction for failing to abide by its terms.

As such, Defendants' motion is DENIED insofar as it relies on Rule 26 as a basis for the requested relief. Further, although dismissal of an action is one of five separately enumerated sanctions that may be imposed for failing to comply with court-ordered discovery pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) ("Rule 37"), Defendants fail to set forth any argument in support of this relief and despite the apparent merit, based on the instant record, such an argument would have, the court will not construct an argument on Defendants' behalf as to do so would be to sublimate the role of neutral decision-maker to that of advocate. As such, Defendants' motion is also DENIED insofar as it relies on Rule 37. Nevertheless, the record sufficiently supports the dismissal of this action pursuant to Rule 41(b) for failing to prosecute.

As relevant, the Federal Rules of Civil Procedure provide that

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) ("Rule 41(b)").

Although Rule 41(b) does not define what constitutes a "failure to prosecute," the Second Circuit has stated that such failure "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Whether to grant a motion seeking dismissal under Rule 41(b) "is a matter committed to the discretion of the district court." *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962)). *See Lyell Theatre Corp.*, 682 F.2d at 42-43 ("the scope of

review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion.”). Nevertheless, dismissal is “a harsh remedy to be utilized only in extreme situations.” *Harding v. Fed. Reserve Bank*, 707 F.2d 46, 50 (2d Cir. 1983) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).

In determining whether dismissal for failure to prosecute is warranted, the court considers the following factors, none of which generally is dispositive: (1) the duration of the plaintiff’s failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court’s calendar congestion and protecting the plaintiff’s due process rights; and (5) whether lesser sanctions are appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004); *Nita v. Connecticut Dep’t. Of Envtl. Prot.*, 16 F.3d 482, 487 (2d Cir. 1994). In the instant case, consideration of these five factors supports dismissal of the action.

As to the duration of Plaintiff’s failure to prosecute, the docket establishes that other than Plaintiff’s *pro se* counsel’s participation in the December 13, 2006 scheduling conference and requests for extensions of time in which to file responses to Defendants’ discovery demands, which never were filed, Plaintiff has done nothing to move this case forward since it was commenced nearly ten years ago. Indeed, it is unclear from the record whether Plaintiff’s current *pro bono* counsel has even been able to contact Plaintiff or, if so, whether or not Plaintiff has cooperated with counsel to effect compliance with Defendants’ discovery requests and the court’s orders. *See*, *e.g.*,

February 1, 2008 Letter (Doc. No. 69) (requesting two-week extension for responding to Defendants' motion given that Brown has been unable to contact Plaintiff "to determine how to proceed"); February 15, 2008 Letter (Doc. No. 70) (requesting two-week extension for responding to Defendants' motion because Brown's attempts to contact Plaintiff had been unsuccessful). More than eight years have elapsed since July 10, 2000 when Defendants first served their discovery demands, and four years since the July 23, 2004 Order directing Plaintiff to respond to such discovery demands. It goes without saying that all litigants are obligated to comply with court orders. *Baba v. Japan Travel Bureau International, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997). The first factor thus weighs in favor of dismissal.

With regard to the second factor, a case may not be dismissed for failure to prosecute absent notice to the plaintiff of the potential dismissal for failure to respond to pending matters before the court. *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999). Here, Plaintiff is not proceeding *pro se*, but has had counsel appointed since early in the case. Although Defendants' initial motion to dismiss was denied because it was unclear from the record whether Plaintiff was even aware of the earlier motion, at this point, nothing in the record suggests that Plaintiff is not aware of the pending motion. It strains credulity that Russ, Plaintiff's current *pro bono* counsel, is unaware of the ramifications of failing to file a response in opposition to Defendants' motion to dismiss. Rather, Brown's letters to the court seeking extensions of the time in which to response, Doc. Nos. 69 and 70, as well as Brown's e-mail correspondence to Murphy on October 1, 2007, Murphy Declaration Exh. A, strongly suggest Plaintiff has not cooperated with his counsel's attempts to communicate with him in order to properly

litigate Plaintiff's case.[5] The second factor thus weighs in favor of dismissal.

The third factor requiring that the plaintiff's inaction prejudice the defendant also weighs in favor of dismissal. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre*, 682 F.2d at 43 (internal citations omitted). The record in the instant case adequately demonstrates Defendants are prejudiced by Plaintiff's continued inaction.

Since this action was commenced nearly ten years ago, it has been eight years since Defendants initially served their discovery demands, and four years since this court's order directing Plaintiff's response to such demands. Further, as Murphy stated, and Plaintiff does not dispute, the DOCS officials Plaintiff has sued include "three high-ranking" former facility Superintendents who have since retired. Defendants' Memorandum at 3. The record thus establishes not only presumed prejudice, but also actual prejudice given the substantial delay and, as such, the third factor weighs in favor of dismissal.

The fourth factor requires the court weigh considerations of the court's calendar congestion with Plaintiff's due process right to present his case. *Norden Sys., Inc.*, 375 F.3d at 257. Where an action is dismissed based on the plaintiff's own failure to litigate his case, however, there is no denial of due process. *See Dodson v. Runyon*, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were

---

[5] Nor has Plaintiff's counsel filed an affidavit under seal explaining that efforts to communicate with Plaintiff have been unsuccessful, or asking to withdraw as counsel. *See* Local Rule of Civil Procedure 83.2.

violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making.").

Here, the complete absence of any action by Plaintiff to move this case along, including the failure to provide any responses to Defendants' discovery demands which are now outstanding more than eight years despite issuance of a court order more than four years ago directing Plaintiff to respond, more than adequately establishes that this case serves as nothing more than to congest the court's docket and divert the court's attention from other matters. The fourth factor thus also weighs in favor of dismissal.

Finally, because the dismissal of an action is "a harsh remedy to be utilized only in extreme situations," *Harding*, 707 F.2d at 50, the court is required to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *Norden Sys., Inc.*, 375 F.3d at 257 ("we must consider whether lesser sanctions would have been sufficient to remedy any prejudice resulting from the plaintiff's delay"). In the instant case, the record establishes that Plaintiff has demonstrated no interest in pursuing this matter given the fact that Plaintiff has repeatedly, and without any explanation, ignored court-ordered discovery and has otherwise failed to appear in this action other than through his *pro bono* counsel's participation in the December 13, 2006 scheduling conference, and subsequent requests for extensions of time to respond to the instant motion, which extensions were most probably necessitated by Plaintiff's failure to cooperate or communicate with his assigned counsel. Taken as a whole, Plaintiff's past derelictions support a finding that if the action is not dismissed, Plaintiff is unlikely to prosecute the matter in the future with any more diligence than was forthcoming from Plaintiff in the past.

On this record, the court finds no lesser sanction can remedy the prejudice to Defendant and, thus, the fifth factor weighs in favor of dismissal

**CONCLUSION**

Based on the foregoing, Defendants' motion to dismiss for failure to prosecute (Doc. No. 60) is GRANTED in part and DENIED in part. The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

______________________________
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: August 18, 2008
Buffalo, New York